UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

| | |
|---|---|
| KEVIN THERIOT )<br>)<br>)<br>vs. )<br>)<br>U.S. DISTRICT COURT JUDGES OF )<br>MICHIGAN and )<br>U.S. COURT OF APPEAL JUDGES OF )<br>THE SIXTH CIRCUIT )<br>) | CAUSE NO. 2:19-cv-13000 RLM |

<u>OPINION AND ORDER</u>

Kevin Theriot, a prisoner without a lawyer, brought this action alleging violations of his civil rights under 42 U.S.C. § 1983. The court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Mr. Theriot named all judges of the U.S. District Court for the Eastern District of Michigan, the U.S. District Court for the Western District of Michigan, and the U.S. Court of Appeals for the Sixth Circuit as defendants because he's unhappy with their rulings in the more than 50 civil cases he's filed in federal court since 2009. "It is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction." <u>Bush v. Rauch</u>, 38 F.3d 842, 847 (6th Cir. 1994) (*citing* <u>Mireles v. Waco</u>, 502 U.S. 9, 112 (1991) (per curiam); <u>Foster v. Walsh</u>, 864 F.2d

416 (6th Cir. 1988)). Mr. Theriot can't proceed against the defendants because the doctrine of judicial immunity applies to his claims.

Further, Mr. Theriot has accrued three strikes under the Prisoner Litigation Reform Act. The court adopts the findings in <u>Theriot v. Waltenen et. al.</u>, No. 2:19-cv-127 (W.D. Mich. July 18, 2019) that while incarcerated, Mr. Theriot has filed dozens of civil complaints in federal court that were dismissed because they were frivolous, malicious, or failed to state a claim. A prisoner with three strikes may still proceed in forma pauperis if he can establish that he's in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). A claim under the imminent-danger exception is subject to the ordinary principles of notice pleading, so a plaintiff representing himself is entitled to have his complaint liberally construed. <u>Vandiver v. Prison Health Servs., Inc.</u>, 727 F.3d 580, 585 (6th Cir. 2013). The complaint must allege facts from which a court could draw a reasonable inference of danger that existed at the time the complaint was filed. <u>Id</u>. (*quoting* <u>Taylor v. First Med. Mgmt.</u>, 508 F. App'x 488, 492 (6th Cir. 2012)). "[D]istrict courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." <u>Id</u>. (*quoting* <u>Rittner v. Kinder</u>, 290 F. App'x 796, 798 (6th Cir. 2008)). Mr. Theriot's conclusory statements that he fears imminent physical danger and his descriptions of past events don't meet the notice pleading standard. His allegations that judges orchestrated physical attacks against him are baseless.

Issuance of a certificate of appealability requires the court to certify that Mr. Theriot would take such appeal "in good faith." 28 U.S.C. § 1915(a)(3); s*ee also* McGore v. Wrigglesworth, 114 F.3d 601, 611 (6th Cir. 1997), *overruled on other grounds*, Jones v. Bock, 549 U.S. 199, 203 (2007). For the same reasons that the court dismisses this action, the court finds no good-faith basis for an appeal.

Finally, the court observes that Mr. Theriot is a vexatious litigant who repeatedly files frivolous claims. A district court has the authority to issue pre-filing restrictions to prevent prolific litigants from filing harassing and vexatious pleadings. Clapper v. Clark Dev., Inc., No. 14-3500, 2015 WL 13688415, at *3 (6th Cir. Apr. 29, 2015) (*citing* Feathers v. Chevron U.S.A., Inc., 141 F.3d 264, 269 (6th Cir. 1998); Futernick v. Sumpter Twp., 207 F.3d 305, 314 (6th Cir. 2000)). The court defers to the judges in the districts in which Mr. Theriot files cases to determine if and when he should be sanctioned.

Accordingly, the court:

(1) DISMISSES this action for failure to state a plausible claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A;

(2) ORDERS the defendant to pay (and the agency having custody of him to automatically remit) the $400.00 civil action fee to the Clerk of this court; and

(3) DENIES all other motions in this action [Doc Nos. 3, 6, 7, 8, 15, 16, 17, 18, and 19] as moot.

SO ORDERED.

ENTERED: <u>  February 6, 2020</u>

                           <u>  /s/ Robert L. Miller, Jr.</u>
                           Judge, United States District Court
                           Sitting by Designation