UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

| | |
|---|---|
| KEVIN THERIOT | ) |
| | ) |
| | ) |
| vs. | ) CAUSE NO. 2:19-cv-13000 RLM |
| | ) |
| U.S. DISTRICT COURT JUDGES OF MICHIGAN and | ) |
| U.S. COURT OF APPEAL JUDGES OF THE SIXTH CIRCUIT | ) |
| | ) |

ORDER

Kevin Theriot, a prisoner without a lawyer, moved for reconsideration and re-argument of claims he brought under 42 U.S.C. § 1983. Mr. Theriot argues that the court erred in its assessment of his claims that the defendants' actions are not protected by judicial immunity, and his claims that he's in imminent danger of serious physical injury.

Considering the timing and the substance of Mr. Theriot's motion to reconsider, the court construes it as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). "In this circuit, a district court may alter a judgment under Rule 59 based on (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Bunn v. Navistar, Inc., No. 19-5406, 2020 WL 113905, at *7 (6th Cir. Jan. 7, 2020) (quoting Nolfi v. Ohio Kentucky Oil Corp., 675 F.3d 538, 551–552 (6th Cir. 2012)). Plaintiffs who wish to amend an adverse judgment bear a heavier burden and "must provide a compelling explanation to the district court for granting the

motion." Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv., 616 F.3d 612, 617 (6th Cir. 2010); Tolliver v. Noble, 752 F. App'x 254, 260 (6th Cir. 2018).

Mr. Theriot doesn't meet this burden. His motion simply renews two of his old arguments. He doesn't correct a patent misunderstanding or a manifest error of law or fact. He hasn't provided any basis for overturning the judgment. For the reasons explained in the dismissal order, this case was properly dismissed.

Accordingly, the court DENIES Mr. Theriot's motion for reconsideration and re-argument [Doc. No. 24].

SO ORDERED.

ENTERED:  February 24, 2020

    /s/ Robert L. Miller, Jr.
Judge, United States District Court